THOMAS FARO BY FERDINAND FARO, NEXT FRIEND, AND SAID FERDINAND FARO, RESPONDENTS, v. COLLEGE TOWN BUILDING AND LOAN ASSOCIATION, APPELLANT.

Submitted October 5, 1937—Decided January 26, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the appellant, *John C. Stockel.*

For the respondents, *Joseph J. Messina (Herman H. Anekstein,* of counsel).

The opinion of the court was delivered by

PARKER, J. The defendant-appellant owned a building which may be shortly characterized as of the tenement house type: and part of this was rented to Ferdinand Faro and occupied by his family including the infant plaintiff, a boy of eight years at the time of the accident giving rise to this suit. The building, of wood, had a front veranda about five feet above the street level, with a roof supported by framework columns, which last were connected by a railing except in the middle, where the front steps were placed. The upper rail was hand high, the lower about three inches above the floor of the veranda. The two rails were connected by vertical pickets a few inches apart. Under the veranda was a

basement area with a flight of steps leading down from the ground level at right angles to the front. The veranda admittedly was for the common use of the tenants and controlled by the landlord.

The accident occurred in this wise: Two adjoining pickets, situated just over the area steps, had become loose, and were missing, leaving a gap which, as may fairly be estimated from photographs in evidence, was about fifteen inches wide and about twenty-five inches high from upper to lower rail. The precise measurements are unimportant. In fact, the gap was wide enough to let the boy's head and shoulders through. He was on the veranda and saw a cat run down the basement steps into the area. He was interested in seeing what became of the cat; and in order to see, he thrust his head and part of his body through the opening, slipped or lost his balance, and fell head first on the basement steps, sustaining injuries for which this suit is brought, the father joining his claim *per quod*. There was the usual evidence about notice to the landlord before the accident. The duty of the latter to use care in keeping the premises reasonably safe for ordinary uses was not denied.

There were motions to nonsuit and to direct a verdict, based on the theory that the boy's act was without the scope of invitation, that the gap in the pickets was not a proximate. cause and also that the boy in undertaking to lean out through the gap, assumed the risk of falling. These motions were denied; and these rulings are alleged as error.

In all essential particulars of fact, the case seems indistinguishable from the very recent case of *Bolcar* v. *Mintz*, 119 *N. J. Law* 219, except that in the Bolcar case the age of the child was five years, and in the present case it was eight years. As to invitation and primary negligence, the Bolcar case appears to be controlling. As to contributory negligence and assumption of risk, the cases, it is true, are more favorable to the younger child than the older, but not sufficiently so, in our estimation, to impair the force of the Bolcar case as a precedent for leaving those questions to the jury.

The judgment is affirmed.